IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


SHEILA FIELDS                                                                PLAINTIFF


VS.                    CASE NO. 4:05CV01924 GTE


SHELTER MUTUAL INSURANCE COMPANY                                DEFENDANT


## AMENDED ORDER ON MOTION FOR COSTS

Presently before the Court is Defendant Shelter Mutual Insurance Company's Motion for

Costs. As the prevailing party in this case, Defendant Shelter Mutual Insurance Company

("Shelter") asserts that it is entitled to costs in the amount of $3,670.66.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides

in pertinent part:

> Except when express provision therefor is made either in a statute of the United
> States or in these rules, costs other than attorneys' fees shall be allowed as of
> course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial

expenses awardable to a prevailing party under Rule 54(d), including:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript
>       necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in
>       the case;

28 U.S.C. § 1920.  "While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(citing Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101).  "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.  *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir. 2001) (citations omitted).  "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F3d 979, 985 (8th Cir. 1998) (upholding district court's denial of costs to prevailing defendant in discrimination case).  Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs.  *Greaser*, 145 F.3d at 985.

Also, the Court may consider Plaintiff's limited financial resources.  *Cross v. General Motors Corp*., 721 F.2d 1152, 1157 (8th Cir. 1983).  The court in *Wal-Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 594-95 (W.D. Ark. 1988), stated:

> In Bartel, *Taxation of Costs and Awards of Expenses (1984),* 101 F.R.D. 553, the author at p. 559, cites numerous cases from many jurisdictions for the conclusion that "an award of costs is within the 'sound discretion of the district court.' " The author of that article also sets forth, beginning at p. 561, a wide range of reasons that have been invoked by courts to justify withholding costs from the prevailing party. Among those reasons are "absence of clear victory" and "indigency and good faith."
>
> . . .
>
> In Bartel, *supra,* at p. 561, it is said that: "the most common bases for denying costs to prevailing defendants have been the indigency of the losing plaintiff...." (citing cases). In cases such as *Maldonado v. Parasole,* 66 F.R.D. 388, 390 (E.D.N.Y.1975), courts have said that: "indigency is a proper ground for denying costs in cases where there is a wide disparity of economic resources between the parties."
>
> . . .
>
> The Court of Appeals for the Eighth Circuit recognized the trial court's right and discretion to deny costs to a prevailing party in the case of *Boyd v. Ozark Airlines, Inc.,* 568 F.2d 50, 55 (8th Cir.1977). The Court said:
>
>> While costs are normally awarded to the prevailing party, such an award is within the sound discretion of the trial court. Fed. R. Civ. Proc. 54(d); 6 Moore's Federal Practice § 54.70[5] (2d ed. 1976). Since the trial court did award Boyd $2,500 in attorneys' fees, we cannot say that it abused its discretion in failing to award her costs as well.

However, even assuming that the litigants here are indigent, "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir. 1994).

Initially, Plaintiff argues that the Court should deny all costs. She argues that she had a legitimate belief that she had been discriminated against, and to tax costs against her under the facts of this case would put a chill on the enforcement of a right that Congress considers to be of the highest priority. *Casey v. City of Babool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993). Additionally, Plaintiff argues that the Court should not tax costs and fees due to the fact that Shelter is a large company, which has enormous assets, and plaintiff is under financial strain.

Defendant argues that the fact that Shelter is a large company does not rebut the presumption that Shelter is entitled to an award of costs. *Thompson v. Wal-Mart Stores*, 472 F.3d 515, 517 (8th Cir. 2006) (reversing a district court's denial of costs that "is fair to both Wal-Mart and [Thompson]" because a general statement of fairness is insufficient to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party). Additionally, Defendant states that it could have moved for attorneys' fees, in addition to costs, but Shelter chose to move for costs only. The Court declines to deny all costs.

## I. Court Reporter/Transcript Fees

Depositions that are merely investigative, preparatory, or useful for discovery, rather than for the presentation of the case typically are not taxable costs. *See* Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 428; *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary for the case and not purely investigative in nature."). This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative. "When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." See 10 Wright, Miller, & Kane, Federal Practice and Procedure, § 2676 at 424.

"The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment." *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 423.

"When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." See 10 Wright, Miller, & Kane, Federal Practice and Procedure, § 2676 at 424.

Plaintiff challenges the costs sought for her deposition. She states that the transcript for the deposition covered 398 pages, but the Defendant used only 50 pages, or 12% of the deposition transcript, in its motion for summary judgment. Furthermore, Plaintiff argues that much time was wasted in the deposition by counsel for the Defendant asking questions for information that she could not provide. Plaintiff asserts that she could not respond to the questions asked because Defendant failed to adequately respond to her discovery requests. Specifically, she states that she propounded her first set of interrogatories and requests for production of documents on September 14, 2006. Plaintiff requested the personnel files of several white employees, who she claimed were similarly situated. Plaintiff states that on November 27, 2006, the day of her deposition, Defendant provided a cursory response that contained little or no information. Specifically, Plaintiff's counsel noted on the record that the employee files did not contain salary history information.

Defendant responds by stating that Plaintiff granted Shelter an extension to produce the documents referenced by Plaintiff without objection. Defendant argues that Shelter was never informed that Plaintiff's deposition was contingent upon first receiving any particular document, and if Plaintiff truly considered this to be an issue while discovery was ongoing, she could have written counsel about the issue or filed a Motion to Compel, but she did not do so.

Defendant also argues that the a percentage calculation based on how much of a deposition was actually used is irrelevant. Defendant notes that Plaintiff deposed Mr. Tom Klenke, but did not use this deposition transcript at all, but had Plaintiff been the prevailing party, she presumably would have sought recovery of that expense. Defendant also argues that during Plaintiff's deposition, much time was spent going over discovery responses and correcting errors which existed because, as Plaintiff admits, she signed the responses without reading all of them. Defendant also asserts that the majority of the first day of the deposition was spent going over hand-written notes raising several claims for the first time that Ms. Fields had not produced in discovery. Finally, Shelter states that at the end of the deposition, it was "forced to hold the deposition open because Ms. Fields had mentioned some surreptitious tape recordings of conversations tat she had with Shelter employees, but which she had not disclosed to Shelter.

Plaintiff's deposition was clearly used in Defendant's successful Motion for Summary Judgment. Therefore, the Court awards Defendant $2,772.70 for the deposition of Plaintiff. Furthermore, the Court will not open the door for attorneys to challenge the length and duration of depositions page-by-page and question-by-question. If during the discovery process, a party objects to the manner in which discovery is proceeding, or believes that an abuse of the discovery process is occurring, that party may seek the intervention of the Court.

Aside from Plaintiff's general objections to the taxation of costs, Plaintiff sets forth no specific challenges to the costs of the depositions of Tom Klenke, Shelter's Little Rock Branch Manager, and Charles Allen, the Director of Compensation for Shelter Human Resources Department, in the amount of $269.40, and the court reporter fee charged to Defendant when Plaintiff cancelled a previously scheduled deposition in the amount of $75.00. Additionally, Plaintiff has not contested Defendant's assertion that Plaintiff deposed Mr. Tom Klenke, and the

Court and Defendant relied upon information provided by Mr. Klenke in his affidavit in deciding the Motion for Summary Judgment. Furthermore, the deposition of Mr. Allen was obviously material, as Plaintiff attached portions of Mr. Allen's deposition to her Supplemental Brief in Opposition to Defendant's Motion for Summary Judgment. It is clear that these two depositions appeared to be reasonably necessary for the case. Therefore, the Court awards these costs.

## II. Witness Fees/Subpoenas/Service of Subpoenas

### 1. Witness Fees

The amount of witness fees that may be charged under 28 U.S.C. § 1920(3) is governed by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance. Mileage is addressed in subsection (c).

Defendant claims witness fees for the Custodian of Records for State Farm Insurance, the Custodian of Medical Records for Dr. Barry Ford, the Office Manager for Nationwide Insurance Company, and the Custodian of Personnel Records of State Farm totaling $160.00 ($40.00 per witness). Aside from Plaintiff's general objections to the taxation of costs, Plaintiff sets forth no specific challenges to the requested witness fees. However, whether these individuals were actually deposed is not clear, and the Court cannot determine whether these costs fall within the scope of 28 U.S.C. § 1821. Therefore, these costs are denied.

### 2. Service of Subpoenas

Defendants claim $250.00 in fees for the service of summons and subpoenas. The invoices and checks submitted by Defendants are from Myers Attorney's Service. In *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit clearly stated that fees associated with the use of a "special process server [are not recoverable] because 28 U.S.C. § 1920 (1982) contains no provision for such expenses." (citing *Zdunek v. Washington Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C.1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371-72 (1983)). Therefore, this Court is required to deny Defendant's request for $250.00 in fees for service.

## III. Copying and Exemplification Costs

Defendant seeks $85.36 (1067 pages at $0.08 per copy) in photocopy expenses for "all documents sent to Plaintiff's counsel." Defendant also seeks $58.20 for Defendant's Freedom of Information Act request for the related EEOC investigative file. Once again, aside from Plaintiff's general objections to the taxation of costs, Plaintiff sets forth no specific challenges to the requested costs, which appear to be awardable under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

However, the court in *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 - 34 (E.D. Mo. 1998) (emphasis added), discussed copying costs awardable under subsection (4) of § 1920:

> Under subsection (4) of § 1920, plaintiffs could have legitimately listed amounts they paid to others for production of documents, or could have charged their own photocopy expenses for copying the numerous exhibits that they introduced at trial. Under the costs statute, however, plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their clients; nor

> does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not copies of papers "necessarily obtained for use in the case."

But, in *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999), the court granted costs for copies used by the prevailing party as Exhibits for Summary Judgment.

Here, although Defendant has not set forth the requested photocopy expenses with sufficient detail to be certain, it appears that the photocopy expenses for "all documents sent to Plaintiff's counsel" are not recoverable, as the cost statute does not cover the expenses incurred in copying pleadings and motions served on opposing counsel or expenses incurred in copying documents to be produced in discovery. However, the $58.20 Defendant paid for the investigative file is an amount paid to others for production of documents. Therefore, Defendant is awarded $58.20 in fees for exemplification and copies.

## CONCLUSION

The Court awards Defendant $3,175.30, which consists of $2,772.70 for the deposition of Plaintiff, $269.40 for the depositions of Mr. Klenke and Mr. Allen, $75.00 in court reporter cancellation fees caused by Plaintiff's cancellation, $58.20 in fees for copies. The Court denies Defendant's requests for witness fees, service of subpoenas by a special process server, and certain photocopying expenses.

Accordingly,

IT IS THEREFORE ORDERED that Defendant Shelter Mutual Insurance Company's Motion for Costs (Dkt. #50) be, and it is hereby, GRANTED in part and DENIED in part. Costs in the amount of $3,175.30 are hereby awarded to Defendant.

Dated this 12th day of June, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE